UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

JS 6

| Case No. | EDCV 12-145 DSF (DTBx) | Date | 2/16/12 |
|---|---|---|---|
| Title | Deutsche Bank National Trust Co. v. Arlene-Marie Hudson, et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|
| Debra Plato | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   (In Chambers) Order REMANDING Case to Superior Court of California, County of Riverside

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by [the] Constitution and statute . . . ." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A defendant may remove an action if the federal court could exercise subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). "The defendant bears the burden of establishing that removal is proper." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Defendants previously attempted to remove this state court unlawful detainer complaint on November 17, 2011. (See Case No. CV 11-1843 DSF (DTBx).) The Court remanded that action to state court on December 20, 2011, finding that Defendants had failed to establish subject matter jurisdiction.

The state court complaint does not state any federal causes of action. Defendants claim in the Notice of Removal that their federal due process and equal protection rights have been violated. (See, e.g., Notice of Removal at 2, 9, 11, 12.) While this claim may provide a defense to the complaint, federal jurisdiction is based on the plaintiff's complaint and not on any federal counterclaims or defenses that a defendant might assert. See Holmes Group, Inc. V. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002). Furthermore, although Defendants reference 28 U.S.C. § 1443(1), the civil rights removal statute, (Notice of Removal at 9), Defendants fail to show that the prerequisites for civil rights removal exist in this case. See Patel v. Del Taco, Inc., 446 F.3d 996, 999 (9th Cir. 2006) (explaining that defendants must assert that an explicit statutory

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

JS 6

enactment grants them equal racial civil rights, and that a state statute or constitutional provision commands the state court to ignore those rights).

The case is REMANDED to the Superior Court of California, County of Riverside. Further improper removal of this action will result in monetary sanctions.


IT IS SO ORDERED.